**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

RICHARD ROGERS, individually and on
behalf of similarly situated individuals

Plaintiff,

v.

CN TRANSPORTATION LIMITED, a
Delaware Corporation

Defendant.

Civil Action No.: _____

CLASS ACTION
NOTICE OF REMOVAL

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant CN Transportation Limited,

pursuant to U.S.C. §§ 1441, and 1453, removes this case from the Chancery Division

of the Circuit Court of Cook County, Illinois to the United States District Court for

the Northern District of Illinois, Eastern Division. In support of this removal,

Defendant states as follows:

1.     Richard Rogers ("Plaintiff") filed a putative Class Action Complaint in

the Chancery Division of the Circuit Court of Cook County on April 22, 2019 under

Civil Action No. 2019-CH-05129. The Class Action Complaint alleges that CN

Transportation Limited violated Illinois' Biometric Information Privacy Act ("BIPA"),

740 ILCS 14/1, *et* seq., "by requir[ing] truck drivers who visit its facilities, including

Plaintiff, to provide their biometric identifiers, in the form fingerprints (sic) and

related biometric information, to identify which individuals and truck drivers are

visiting its facilities and for security purposes." Compl. ¶¶ 3. (A copy of the Class

Action Complaint, Summons and Motion for Class Certification served on CN Transportation Limited are attached as *Exhibit A*, and the Defendant has not been served with any process, pleadings, or orders other than the documents attached hereto).

2.     CN Transportation Limited was served on May 1, 2019. Removal is timely because this notice is filed within 30 days of service of the Complaint and Summons. *See* 28 U.S.C. § 1446(b)(1).

3.     Removal to this Court is proper because the United State District Court for the Northern District of Illinois, Eastern Division comprises, among other Illinois counties, Cook County.. 28 U.S.C. § 93(a)(1).

4.     In the Class Action Complaint, Plaintiff alleges (but CN Transportation Limited does not concede) that CN Transportation Limited "collected, captured, and stored biometric identifiers and biometric information," and that it: "failed to provide any written disclosures describing the purpose and duration of such use, it failed to make publicly available any retention or destruction policies, and it failed to obtain written consent from Plaintiff and other similarly situated individuals prior to the collection of their biometrics." Compl. ¶ 20. Plaintiff additionally alleges that CN Transportation Limited "failed to obtain Plaintiff's and other truck drivers' informed consent prior to disseminating their biometric information to any of its technology vendors." *Id.* ¶ 21.

5.     Plaintiff seeks to represent a putative class defined as: "[a]ll individuals whose biometric identifiers or biometric information were collected, captured, stored, transmitted, disseminated, or otherwise used by or on behalf of Defendant CN

[Transportation Limited] within the state of Illinois any time within the applicable limitations period." *Id*. ¶ 23.

6.     On behalf of himself and the putative class, Plaintiff, among other things, seeks: (1) injunctive relief "requiring [CN Transportation Limited] to comply with BIPA"; (2) "statutory damages of $5,000 for each willful and/or reckless violation of the BIPA, pursuant to 740 ILCS 14/20(1)" or, in the alternative, "statutory damages of $1,000 for each negligent violation of the BIPA, pursuant to 740 ILCS 14/20(3)"; and (3) "reasonable attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3)." *Id*. at pp. 8–9.

7.     Although CN Transportation Limited denies all of Plaintiffs' material allegations, this putative class action is subject to this Court's jurisdiction: (1) under 28 U.S.C. § 1332(a), because complete diversity exists and the amount in controversy for the named plaintiff's claims exceeds $75,000; and (2) under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), because minimal diversity exists, Plaintiff estimates the putative class exceeds 100 members, and the amount in controversy exceeds $5,000,000.

I.     **Removal Is Proper Under Diversity Jurisdiction**.

8.     This Court has complete diversity jurisdiction under 28 U.S.C. § 1332(a), which provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between— (1) citizens of different States . . . ."

9.    Complete diversity exists between Plaintiff (an Illinois citizen) and CN Transportation Limited (a Delaware corporation with its principal place of business in Montreal, Canada). Compl. ¶¶ 13–14.

10.    Based on The Class Action Complaint's allegations, the amount in controversy exceeds $75,000. If "the plaintiff, the master of the Class Action Complaint . . . provides little information about the value of [his] claims . . . a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) (citing *Rubel v. Pfizer, Inc.*, 361 F.3d 1016, 1020 (7th Cir. 2004)).

11.    Plaintiff alleges that CN Transportation Limited's BIPA violations "were knowing and willful," (Compl. ¶ 38) and "BIPA provides for statutory damages of $5,000 for each willful and/or knowing violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA," (*id.* ¶ 37), reasonable attorneys' fees, costs, and other litigation expenses," "injunctive and equitable relief," "pre- and post-judgment interest," and "such further and other relief as the Court deems just and equitable." *Id.* Prayer for Relief.

12.    The amount in controversy exceeds $75,000 because Plaintiff alleges "[t]hrough his role as a truck driver, Plaintiff was required to visit various railyards, including those owned and operated by Defendant, to pick up and drop off various loads. At such facilities, Plaintiff was required to scan his biometric identifiers and/or biometric information, into biometrically-enabled security and identity verification devices and associated technology, *i.e.* the Biometric System." *Id.* ¶ 18. As pled, a good-faith and plausible estimate that Plaintiff made at least 15 visits to "various

4

railyards" to "pick up and drop off various loads" within one year preceding the filing of the Class Action Complaint. Because Plaintiff is seeking statutory damages of up to $5,000 for each he used the access system at issue in the Class Action Complaint, in addition to the injunctive relief, attorneys' fees, costs, expenses, and unspecified other relief, the amount in controversy exceeds $75,000..[1]

## II.  Removal Is Proper Under CAFA.

13.     Alternatively, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d)(2) because : (a) the aggregate number of members in the proposed class is 100 or more; (b) the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (c) "any member of a class of plaintiff is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2), (d)(5)(B).

### A.     Aggregate number of proposed class.

14.     Plaintiff purports to "bring this action on behalf of himself and a class of similarly situated individuals." Compl. ¶ 23. CAFA requires that "the number of members of all proposed plaintiff classes in the aggregate" exceed 100. 28 U.S.C. § 1332(d)(5)(b). Plaintiff alleges "[t]here are at least thousands of members of the Class." *Id*. The size of the proposed class in turn satisfies this prerequisite for the Court to have original jurisdiction under 28 U.S.C. § 1332(d)(2).

---

[1] CN does not concede that each alleged use of the access system would constitute a separate BIPA violation. Plaintiff's allegations and requested relief, however, must be accepted as true for purposes of determining the amount in controversy for purposes of removal.

B. **The Minimal Diversity Requirement is Met.**

15.     Plaintiff is a "natural person and a citizen of the State of Illinois." *Id*. ¶ 14.

16.     A corporation is "a citizen of every [s]tate . . . by which it has been incorporated and of the [s]tate . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). CN Transportation Limited is a "Delaware company" and "headquartered in Montreal, Canada." Compl. ¶ 13.

17.     Therefore, minimal diversity exists under 28 U.S.C. § 1332(d)(2)(A). *See e.g.*, *Lewert v. P.F. Chang's China Bistro, Inc*., 819 F.3d 963, 965-66 (7th Cir. 2016) (minimal diversity existed under CAFA when the class representatives were citizens of Illinois and the defendant was a Delaware corporation with its principal place of business in Arizona).

C. **The "Matter in Controversy" Aggregated Across All of the Class Members' Claims Meets the CAFA Threshold.**

18.     The amount in controversy under CAFA is satisfied if "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). For purposes of determining the amount in controversy, CAFA expressly requires that "the claims of the individual class members shall be aggregated." 28 U.S.C. § 1332(d)(6).CN Transportation Limited's burden to demonstrate the amount in controversy is low and need show only that there is "a reasonable probability that the stakes exceed the minimum." *Brill v. Countrywide Home Loans, Inc*., 427 F.3d 446, 448 (7th Cir. 2005). Indeed, "[a] good-faith estimate

is acceptable if it is plausible and adequately supported by the evidence." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011) (citation omitted).

19.     CN Transportation Limited denies the validity and merit of Plaintiff's claims, the legal theories upon which they are based, and that Plaintiff is entitled to any alleged claims for monetary and other relief. Solely for purposes of removal, however, and without conceding that Plaintiff or the putative class are entitled to damages, the aggregated claims of the putative class establishes, by a preponderance of evidence, that the amount in controversy exceeds the jurisdictional minimum of $5,000,000.

20.     Plaintiff alleges that "CN [Transportation Limited's] violations of BIPA . . . were knowing and willful," (Compl. ¶ 38) and that he and the class are entitled to statutory damages of $5,000 "for each" violation. *Id.* ¶ 37. Plaintiff also alleges that "[t]here are at least thousands of members of the Class." Compl. ¶ 25. Thus, based purely on the Class Action Complaint's allegations (which CN Transportation Limited denies), it is not "legally impossible" that the alleged class recovery is greater than the $5,000,000 jurisdictional threshold (*i.e.*, 1,001 class members x $5,000 statutory damages = $5,5,000). *See Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million, then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.").

## III.     Article III Standing Exists In This Court.

21.     This case can proceed before this Court under Article III of the U.S. Constitution because Plaintiff specifically alleges that CN Transportation Limited

disclosed his biometrics to third parties without his consent. Compl. ¶ 21; *see, e.g.*, *Dixon v. Washington & Jane Smith Cmty.-Beverly*, No. 17 C 8033, 2018 WL 2445292, at *9 (N.D. Ill. May 31, 2018) ("The allegation that [defendant] disclosed [plaintiff's] fingerprint data to [a third party] without informing her distinguishes this case from others in which alleged violations of BIPA were determined insufficiently concrete to constitute an injury in fact for standing purposes.").

## IV.   Defendant Will File a Notice of Removal to Adverse Parties and to State Court Clerk.

22.   Pursuant to 28 U.S.C. § 1446(d), CN Transportation Limited will promptly provide written notice of removal of this action to Plaintiff, and will promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois. A copy of the Notice of Removal to Adverse Parties and State Court Clerk being sent to Plaintiff and the Cook County Circuit Court Clerk is attached as *Exhibit B*.

23.   CN Transportation Limited submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff and without conceding either the Class Action Complaint's allegations or that Plaintiff pled claims upon which relief can be granted.

Respectfully submitted,

Dated: May 31, 2019                        CN TRANSPORTATION LIMITED

By: /s/ Andrew J. Butcher
Andrew J. Butcher (IL#6325396)
Charles Andrewscavage (IL#6319013)
SCOPELITIS,      GARVIN,      LIGHT,
HANSON & FEARY, P.C.
30 West Monroe Street, Suite 600
Chicago, IL 60603
Telephone: (312) 255-7200
abutcher@scopelitis.com
candrewscavage@scopelitis.com

*Attorneys for Defendant, CN Transportation Limited*

9

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing has been filed through the Court's electronic filing system with copies served upon the following counsel of record electronically and by First Class United States Mail, postage prepaid, this 31st day of May, 2019:

> David L. Gerbie
> Jad Sheikali
> MCGUIRE LAW, P.C. (#56618)
> 55 W. Wacker Drive
> 9th Fl.
> Chicago, IL 60601
> dgerbie@mcgpc.com
> jheikali@ gmail.com

The undersigned further certifies that on the 31st day of May, 2019, a copy of the Notice of Filing of Notice of Removal was filed through the Illinois State Court's electronic filing system with copies served upon the foregoing counsel of record electronically and by First Class United States Mail, postage prepaid:

> Clerk of Court
> Chancery Division
> Circuit Court of Cook County
> Richard J. Daley Center
> 50 West Washington Street
> Room 802
> Chicago, IL 60602

> */s/ Andrew J. Butcher*
> Andrew J. Butcher

4827-7839-1703, v. 7