UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD ROGERS, individually and on behalf of similarly situated individuals, *Plaintiff*, v. CANADIAN NATIONAL RAILWAY COMPANY, a Canadian corporation; ILLINOIS CENTRAL RAILROAD COMPANY, an Illinois corporation; and, REMPREX, LLC, a Delaware limited liability corporation, *Defendants*. | Case No. 1:19-cv-03647 Hon. Rebecca R. Pallmeyer JURY TRIAL DEMANDED |

## FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff Richard Rogers ("Plaintiff"), individually and on behalf of other similarly situated individuals, brings this First Amended Class Action Complaint against Canadian National Railway Company ("CN"), Illinois Central Railroad Company ("ICRC"), and Remprex, LLC ("Remprex") (collectively "Defendants") for their violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* (the "BIPA"), Defendants CN and ICRC's violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 *et seq.* (the "ICFA"), and to obtain redress for all persons injured by the their conduct. Plaintiff alleges as follows based on personal knowledge as to his own acts and experiences, and as to all other matters, upon information and belief, including an investigation conducted by his attorneys.

### INTRODUCTION

1. BIPA provides individuals in Illinois substantive privacy rights when private entities collect or use their biometric identifiers and biometric information.

1

2. BIPA defines a "biometric identifier" to include "a retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry." "Biometric information" is any information based on a biometric identifier, regardless of how it is converted or stored. Collectively, biometric identifiers and biometric information are referred to as "biometrics." 740 ILCS 14/10.

3. Defendant CN operates one of the largest freight railroad networks in North America. Defendant ICRC, a subsidiary of Defendant CN, does business in Illinois as "CN".

4. Defendant Remprex engineers, designs, operates, installs, manages, implements and supports biometric technology software and hardware used by businesses, including Defendants CN and ICRC.

5. Defendants CN and ICRC, owners and managers of various railyards in Illinois, require truck drivers, including Plaintiff, to provide their biometrics in order to identify them and to track freight entering and leaving their facilities.

6. The unique nature of biometrics allows private entities, such as Defendants, to instantly gather an accurate signature. This feature makes biometric identification systems a popular choice for identity verification.

7. As such, Defendants CN and ICRC have continued to use biometric identification systems engineered, designed, operated, installed, managed and supported by Defendant Remprex at certain facilities in Illinois.

8. Defendants CN and ICRC require truck drivers who visit certain biometric-enabled facilities to sign a Driver Registration Form that specifies that their fingerprint will be collected by "CN only." However, Defendants CN and ICRC do not disclose that the biometrics will also be transferred to, accessed by, and stored by Defendant Remprex.

9. BIPA provides, *inter alia*, that private entities, such as the Defendants, may not collect, capture, purchase, or otherwise obtain an individual's biometric identifiers, such as fingerprints and hand scans, or any biometric information, including any data regardless of the manner from which it was converted, or is converted or stored, unless they first:

   a. inform that person in writing that biometric identifiers or biometric information will be collected or stored;

   b. inform that person in writing of the specific purpose and the length of term for which such biometric identifiers or biometric information is being collected, stored and used; and

   c. receive a written release from the person for the collection of their biometric identifiers or biometric information.

740 ILCS 14/15(b)(1)–(3).

10. BIPA also requires private entities in possession of biometrics to develop a publicly-available written policy outlining the storage and destruction policies of such biometrics. 750 ILCS 14/15(a).

11. Finally, private entities are prohibited from profiting from an individual's biometric identifiers or biometric information, as well as disclosing the same to third parties without the individual's informed consent. 740 ILCS 14/15(c)–(d).

12. Indeed, "biometrics are unlike other unique identifiers that are used to access finances or other sensitive information," (740 ILCS 14/5), and therefore require special treatment compared to traditional private personal information. For example, even sensitive information like Social Security numbers, when compromised, can be changed. "Biometrics, however, are biologically unique to each individual and therefore, once compromised, such individual has no

recourse, is at a heightened risk for identity theft in, and is likely to withdraw from biometric-facilitated transactions." 740 ILCS 14/5.

13. Plaintiff brings this action for statutory damages and other remedies as a result of the Defendants' individual and collective conduct in violating his and other similarly situated individuals' biometric privacy rights under BIPA.

14. BIPA's requirements bestow up individuals a right to privacy in their biometrics and a right to make an *informed* decision with respect to whether they will provide or withhold their biometrics from private entities like the Defendants.

15. The deprivation of the statutory rights conferred by BIPA constitutes the precise type of actual injuries the Illinois Legislature sought to prevent.

16. In addition, Section 2 of the ICFA provides in relevant part that: "[u]nfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

17. Defendant CN and ICRC's conduct in their intentional failure to disclose the transfer of Plaintiff's sensitive biometrics to an unauthorized third party is an unfair practice in violation of Section 2 of the ICFA.

18. On behalf of himself and the proposed Class defined below, Plaintiff seeks an injunction requiring that the Defendants comply with BIPA and requiring that Defendants CN and

ICRC comply with the ICFA, as well as an award of statutory damages to the Class members and monetary damages to be determined at trial, together with costs and reasonable attorneys' fees.

## PARTIES

19. Defendant CN is a Canadian company that owns Defendant ICRC. CN is headquartered in Montreal, Canada, and conducts business in Illinois, including through its subsidiary ICRC.

20. Defendant ICRC is an Illinois company that conducts, and is licensed by the Illinois Secretary of State to conduct, business in Illinois. ICRC is headquartered in Chicago, Illinois and conducts business throughout this District.

21. Defendant Remprex is a Delaware company that conducts, and is licensed by the Illinois Secretary of State to conduct, business in Illinois. Remprex is headquartered in Willowbrook, IL and conducts business throughout this District.

22. At all relevant times, Plaintiff has been a resident and citizen of the state of Illinois and visited Defendants CN and ICRC's facilities in Illinois.

## JURISDICTION AND VENUE

23. This Court has subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act, 28 U.S.C. §1322(d) et seq., because this case is a class action in which the amount in controversy exceeds the sum or value of $5,000,000.00 exclusive of interest and costs; there are greater than 100 putative class members; at least one putative class member is a citizen of a state other than the Defendants' states of citizenship; and none of the exceptions under subsection 1332(d) apply to this instant action.

24. This Court may assert personal jurisdiction over the Defendants because they conduct substantial business throughout Illinois, including in this District.

**FACTS SPECIFIC TO PLAINTIFF**

25. During the relevant time period, Plaintiff worked as a truck driver.

26. In his work as a truck driver, Plaintiff was required to visit various railyards to pick up and drop off loads of cargo, including visiting facilities owned and operated by Defendants CN and ICRC. At certain facilities owned and operated by Defendants CN and ICRC, Plaintiff was required to scan his biometrics into identity verification devices (the "Biometric System" or "System") which form part of Defendants CN and ICRC's "Automated Gate System." The Automated Gate System is partially operated and managed by Defendant Remprex.

27. Using the Biometric System, Defendants collected, captured, stored, and otherwise obtained biometrics from Plaintiff and other truck drivers to track their access to Defendants CN and ICRC's facilities, record which loads are being tendered by Plaintiff to Defendants CN and ICRC, and record which loads are being removed from Defendants CN and ICRC's facilities.

28. The efficiency and accuracy of the Biometric System allows Defendants CN and ICRC to process incoming and outgoing loads more efficiently than they would be able to accomplish using traditional identification and verification methods.

29. In certain yards, Defendants CN and ICRC collect biometrics from drivers, including Plaintiff, as well as information about their current cargo and vehicle. This information is collected directly through the Biometric System, which is jointly operated by Defendants.

30. Defendants CN and ICRC required Plaintiff to provide them with his driver's license number, photograph, and biometrics and collected this information pursuant to its Driver Registration Form but without disclosing that his biometrics would be obtained by third parties (including, at least, Defendant Remprex), and without informing him that they would delete such information within three years as required by BIPA.

6

31. The Biometric System allows Defendants to acquire an accurate signature from truck drivers, such as Plaintiff, to ensure that the such drivers are delivering and removing the proper loads from the railyards. Furthermore, the Biometric System increases efficiency as the Biometric System operates more quickly than other traditional methods of identity and load verification. Moreover, Defendants CN and ICRC have been able to reduce the number of employees managing entry and exit into and out of their facilities compared to traditional identity verification methods by using the Biometric System.

32. As such, Defendants CN and ICRC's use of the Biometric System increased their productivity and efficiency at the cost of collecting, capturing, and storing the biometrics of Plaintiff and other similarly situated individuals in violation of BIPA.

33. Although the Defendants collected, captured, obtained and stored biometrics, they failed to comply with BIPA's minimally burdensome statutory requirements.

34. In violation of BIPA and the ICFA, Defendants CN and ICRC failed to obtain the required informed written consent from Plaintiff and other truck drivers before disseminating their biometrics to Defendant Remprex.

35. By failing to comply with BIPA, the Defendants have violated Plaintiff's substantive state rights to biometric privacy.

36. By violating the ICFA, Defendants CN and ICRC have violated Plaintiff's substantive state rights as a consumer to be informed about the nature of his biometric transaction with Defendants CN and ICRC.

**CLASS ALLEGATIONS**

37. Plaintiff brings this action on behalf of himself and a class of similarly situated individuals pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff seeks to represent a Class (unless otherwise noted, "Class") defined as follows:

> **Class**: All individuals whose biometric identifiers or biometric information were collected, captured, stored, transmitted, disseminated, used or otherwise obtained by or on behalf of the Defendants CN and ICRC within the state of Illinois any time within the applicable limitations period.

38. Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendants; and any immediate family member of such officer or director.

39. There are at least thousands of Class members, making the Class members so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is unknown to Plaintiff, the members can be identified through Defendants' records.

40. Plaintiff's claims are typical of the claims of the Class he seeks to represent, because the basis of Defendants' liability to Plaintiff and the Class is substantially the same, and because Defendants' conduct has resulted in similar injuries to Plaintiff and to the Class.

41. There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not limited to, the following:

  a. Whether the Biometric System collects, captures, or otherwise obtains biometric identifiers or biometric information;

  b. Whether any of the Defendants disseminate biometrics;

  c. Whether any of the Defendants made available to the public a written policy that establishes a retention schedule and guidelines for destroying biometric

identifiers or biometric information within three years of the last interaction between the individual and the Defendants;

    d.    Whether any of the Defendants obtained a written release from the Class before capturing, collecting, or otherwise obtaining their biometric identifiers or biometric information;

    e.    Whether the Defendants' conduct violates BIPA;

    f.    Whether the Defendants' BIPA violations are willful or reckless;

    g.    Whether Defendant CN and ICRC's conduct violates the ICFA; and

    h.    Whether Plaintiff and the Class are entitled to damages and injunctive relief.

42. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

43. Plaintiff will fairly and adequately represent and protect the interests of the Class members he seeks to represent. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the Class members and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the Class members.

44. The Defendants have acted and failed to act on grounds generally applicable to the Plaintiff and the Class members, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

## COUNT I
**Violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1,** *et seq.*
**(On behalf of Plaintiff and the Class and against Defendants CN and ICRC)**

45. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

46. Defendants CN and ICRC are private entities under BIPA.

47. In order to maintain access records, improve efficiency, verify logistics information, and identify visitors to its facilities, Defendants CN and ICRC obtain and rely on biometric identifiers and/or biometric information collected from Plaintiff and the Class.

48. Defendants CN and ICRC collect, capture, store, transfer, and/or use Plaintiff and the Class members' biometrics through its Biometric System. In violation of BIPA, Defendants CN and ICRC do not receive the required informed written consent prior to such collection.

49. Despite obtaining Plaintiff's and the Class members' biometrics, and in violation of 740 ILCS 14/15(a), Defendants CN and ICRC negligently, recklessly, or intentionally failed to provide publicly available written disclosures regarding their use of such biometrics.

50. Defendants CN and ICRC, in violation of 740 ILCS 14/15(d), disclosed Plaintiff's and the Class Members' biometrics to Defendant Remprex without first receiving informed written consent.

51. Prior to collecting and storing Plaintiff's and the Class Members' biometric information, and in violation of 740 ILCS 14/15(a), Defendants CN and ICRC negligently, recklessly, or intentionally failed to make publicly available a retention and destruction schedule for such biometric information that requires deletion of biometric identifiers and information within three years after an individual's last interaction with Defendants CN and ICRC.

52. BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA.

10

53. Defendants CN and ICRC's violations of BIPA, as set forth herein, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendants CN and ICRC negligently failed to comply with BIPA in the course of its conduct, or omissions, as set forth herein.

54. Accordingly, with respect to Count I, Plaintiff, on behalf of himself and the proposed Class, prays for the relief set forth below.

## COUNT II
**Violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 *et seq*.**
**(On behalf of Plaintiff and the Class and against Defendants CN and ICRC)**

55. Plaintiff incorporates by reference all of the allegations in Paragraphs 1–55 and 68–77 as if fully set forth herein.

56. Section 2 of the Illinois Consumer Fraud and Deceptive Business Practices Act provides in relevant part that:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

815 ILCS 505/2.

57. Plaintiff and the Class members are "consumers" within the meaning of Section 1(e) the ICFA, because Defendants CN and ICRC's business activities involve trade or commerce and implicate consumer protection concerns.

58. Defendants CN and ICRC's failure to disclose to Plaintiff and the Class members that Defendant Remprex would obtain, collect, store, transfer, and otherwise use Plaintiff and the Class members' biometrics constitutes deceptive and unfair practices in violation of Section 2.

11

59. Defendants CN and ICRC required truck drivers accessing their railyard facilities in Illinois to read and sign a Driver Registration Form, which includes language informing such persons that their fingerprint will be collected.

60. However, nowhere on the Driver Registration Form did Defendants CN and ICRC include language or otherwise inform Plaintiff and the Class members that they would transfer such information to Defendant Remprex or that Defendant Remprex would otherwise obtain such information through its joint operation of the Biometric System with Defendants CN and ICRC.

61. Rather, Defendants CN and ICRC represented to Plaintiffs and members of the Class on its Driver Registration Form that "I authorize and consent to the use **by CN only,** of my driver's license number and my fingerprint image to identify me when I enter and leave the CN terminal using the Automated Gate System" (emphasis added.)

62. Plaintiff and the Class members relied on Defendants CN and ICRC to accurately represent who would be handling their biometrics. Defendants CN and ICRC intended that Plaintiff and the Class members rely on the statement that they were the only parties who would receive their biometrics when they induced Plaintiff and the Class members to provide the same.

63. Plaintiff and the Class members relied on Defendants CN and ICRC's misrepresentations and they would have acted differently had they known that an undisclosed third party would necessarily receive their biometric identifiers and/or biometric information. By naming "CN only" as the entity involved in the capture, storage, and use of biometric identifiers and/or biometric information, despite their awareness of Defendant Remprex's role in the operation of the Biometric System, Defendants CN and ICRC's misrepresentations deceptively and unfairly affected Plaintiff and the Class members' statutory rights to make informed decisions about their disclosure of biometric identifiers and/or biometric information.

64. Defendants CN and ICRC's unfair acts were carried out in the course of trade and commerce in Illinois: At Defendants CN and ICRC's railyards that are involved with the collection, storage, and use of Plaintiff and the Class members' biometrics.

65. As a direct and proximate result of Defendants CN and ICRC's conduct, Plaintiff and the Class members have suffered actual damages in the form of actionable statutory violations of Illinois state law. These damages are concrete and ascertainable, and were proximately caused by Defendants CN and ICRC's violations of the ICFA.

66. Plaintiff brings this claim on his own behalf and on behalf of the other Class members pursuant to Section 10a of the ICFA, which permits Plaintiff to bring a private cause of action for the above violations and entitles Plaintiff and the Class members to actual damages, injunctive relief, as well as costs and reasonable attorneys' fees.

67. Accordingly, with respect to Count II, Plaintiff, on behalf of himself and the proposed Class, prays for the relief set forth below.

## COUNT III
**Violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*.**
**(On behalf of Plaintiff and the Class and against Defendant Remprex)**

68. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

69. Defendant Remprex is a private entity under BIPA.

70. In jointly operating and supporting the Biometric System for Defendants CN and ICRC, Defendant Remprex obtains and relies on the biometrics of Plaintiff and the Class members.

71. Defendant Remprex collects, captures, stores, transfers, uses and/or otherwise obtains Plaintiff's and the Class members' biometrics through its installation, operation, management of the Biometric System, including at the direction and with the permission of Defendants CN and ICRC.

72. Prior to capturing and obtaining Plaintiff and the Class members' biometric identifiers and/or biometric information, in violation of 740 ILCS 14/15(b), Defendant Remprex failed to receive informed written consent to collect or obtain such information.

73. Prior to obtaining Plaintiff and the Class members' biometrics, and in violation of 740 ILCS 14/15(b), Defendant Remprex negligently, recklessly, or intentionally failed to provide any written disclosures regarding its use of such biometric information.

74. Prior to collecting and storing Plaintiff's and the Class members' biometric information, and in violation of 740 ILCS 14/15(a), Defendant Remprex negligently, recklessly, or intentionally failed to make publicly available a retention and destruction schedule for such biometric information that requires deletion of biometric identifiers and information within three years after an individual's last interaction with any of the Defendants.

75. BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA.

76. Defendant Remprex's violations of BIPA, as set forth herein, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant Remprex negligently failed to comply with BIPA in the course of its conduct, or omissions, as set forth herein.

77. Accordingly, with respect to Count III, Plaintiff, on behalf of himself and the proposed Class, prays for the relief set forth below.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the proposed Class, respectfully requests that this Court enter an Order:

a. Certifying the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

b. Declaring that the Defendants' actions, as set forth herein, violate BIPA;

c. Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class members by requiring the Defendants to comply with BIPA;

d. Awarding statutory damages of $5,000 for each willful and/or reckless violation of BIPA, pursuant to 740 ILCS 14/20(1);

e. Awarding statutory damages of $1,000 for each negligent violation of BIPA, pursuant to 740 ILCS 14/20(3);

f. Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3);

g. Declaring that Defendant CN and ICRC's actions, as set forth herein, violate the ICFA;

h. Awarding injunctive relief, equitable relief, and damages as necessary to protect the interests of Plaintiff and the Class members by requiring Defendants CN and ICRC to comply with the ICFA;

i. Awarding pre- and post-judgment interest, as allowable by law; and

j. Awarding such further and other relief as the Court deems just and equitable.

**JURY DEMAND**

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: July 26, 2019                    Respectfully Submitted,

                                        RICHARD ROGERS, individually and on
                                        behalf of a class of similarly situated individuals

                                By:     /s/ Jad Sheikali
                                        *One of Plaintiff's Attorneys*

David L. Gerbie
Jad Sheikali
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
dgerbie@mcgpc.com
jheikali@gmail.com

*Attorneys for Plaintiff and the Putative Class*