# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RICHARD ROGERS, individually and on behalf of similarly situated individuals, ) ) ) *Plaintiff*, ) ) v. ) ) ILLINOIS CENTRAL RAILROAD ) COMPANY, an Illinois corporation ) ) *Defendant*. ) )) | Case No. 1:19-cv-03647 Hon. Rebecca R. Pallmeyer JURY TRIAL DEMANDED |

## SECOND AMENDED CLASS ACTION COMPLAINT

Plaintiff Richard Rogers ("Plaintiff"), individually and on behalf of other similarly situated individuals, brings this Second Amended Class Action Complaint against Illinois Central Railroad Company ("ICRC" or "Defendant") for its violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*. ("BIPA") and to obtain redress for all persons injured by the Defendant's conduct. Plaintiff alleges as follows based on personal knowledge as to his own acts and experiences, and as to all other matters, upon information and belief, including an investigation conducted by his attorneys.

### INTRODUCTION

1. BIPA defines a "biometric identifier" as any personal feature that is unique to an individual, including fingerprints and hand geometry. "Biometric information" is any information based on a biometric identifier, regardless of how it is converted or stored. Collectively, biometric identifiers and biometric information are known as "biometrics." 740 ILCS 14/10.

2. Defendant ICRC operates a network of railroads in North America.

1

3. Defendant ICRC has used, and continues to use, biometric identification systems at certain of its facilities located in Illinois.

4. Defendant ICRC requires certain individuals who visit its Illinois facilities, including Plaintiff, to provide their biometric identifiers and related biometric information, in order to identify them.

5. BIPA provides, *inter alia*, that a private entity like Defendant, may not collect, capture, purchase, or otherwise obtain an individual's biometric identifiers, such as fingerprints and hand scans, or any biometric information, including any such data regardless of the manner in which it is converted, or is converted or stored, unless it first:

   a. inform that person in writing that biometric identifiers or biometric information will be collected or stored;

   b. inform that person in writing of the specific purpose and the length of term for which such biometric identifiers or biometric information is being collected, stored and used; and

   c. receive a written release from the person for the collection of their biometric identifiers or biometric information.

740 ILCS 14/15(b)(1)–(3).

6. BIPA also requires private entities in possession of biometric information to develop and maintain a publicly-available written policy outlining the storage and destruction policies of such biometric identifiers, and/or any biometric information derived from such identifiers. 750 ILCS 14/15(a).

7. Finally, private entities are prohibited from profiting from an individual's biometric identifiers or biometric information, as well as disclosing the same to third parties without informed consent. 740 ILCS 14/15(c)–(d).

8. Indeed, "biometrics are unlike other unique identifiers that are used to access finances or other sensitive information," (740 ILCS 14/5), and therefore require special treatment compared to traditional private personal information. For example, even sensitive information like Social Security numbers, when compromised, can be changed. "Biometrics, however, are biologically unique to each individual and therefore, once compromised, such individual has no recourse, is at a heightened risk for identity theft in, and is likely to withdraw from biometric facilitated transactions." 740 ILCS 14/5.

9. Plaintiff brings this action for statutory damages and other remedies as a result of Defendant's conduct in violating his biometric privacy rights under BIPA.

10. Compliance with BIPA is straightforward and minimally burdensome. For example, the necessary disclosures and consent may be accomplished through a single sheet of paper, or on a single screen, at the time an individual is initially asked to provide their biometrics.

11. BIPA bestows upon individuals a right to privacy in biometrics and a right to make an *informed* decision when individuals determine whether they will provide or withhold their biometrics.

12. The deprivation of the statutory rights conferred by BIPA and the privacy injury inflicted through such statutory violations constitutes the actual injuries the Illinois Legislature sought to prevent.

13. On behalf of himself and the proposed Class defined below, Plaintiff seeks an injunction requiring the Defendant to comply with BIPA as well as an award of statutory damages

to the Class members and monetary damages to be determined at trial, together with costs and reasonable attorneys' fees.

## PARTIES

14. Defendant ICRC is an Illinois company that conducts, and is licensed by the Illinois Secretary of State to conduct, business in Illinois.

15. At all relevant times, Plaintiff has been a resident and citizen of the state of Illinois and visited Defendant ICRC's facilities in Illinois.

## JURISDICTION AND VENUE

16. This Court has subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act, 28 U.S.C. §1322(d) et seq., because this case is a class action in which the amount in controversy exceeds the sum or value of $5,000,000.00 exclusive of interest and costs; there are greater than 100 putative Class members; at least one putative Class member is a citizen of a state other than Defendant's states of citizenship; and none of the exceptions under subsection 1332(d) apply to this instant action.

17. This Court may assert personal jurisdiction over Defendant because it conducts substantial business throughout Illinois, including in this District.

## FACTS SPECIFIC TO PLAINTIFF

18. Plaintiff was required to visit various railyards in his work as a truck driver, including those owned and operated by ICRC. At Defendant's facilities, Plaintiff was required to scan his biometric identifiers and/or biometric information into biometrically-enabled identity verification devices and associated technology (the "Biometric System" or "System").

19. Utilizing the Biometric System, Defendant collected, captured, stored, and otherwise obtained biometric identifiers and associated biometric information from Plaintiff and other individuals that visited its facilities.

20. Although the Defendant collected, captured, and stored biometric identifiers and biometric information of Plaintiff, Defendant failed to provide any compliant written disclosures describing the purpose of such collection, use and storage, and it failed to make publicly available any retention or destruction policies - all in violation of BIPA.

21. Defendant also violated BIPA by failing to obtain Plaintiff's and other truck drivers' informed written consent prior to collecting their biometric identifiers and/or biometric information.

22. By failing to comply with BIPA, Defendant has violated Plaintiff's substantive state rights to biometric privacy.

**CLASS ALLEGATIONS**

23. Plaintiff brings this action on behalf of himself and a class of similarly situated individuals pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff seeks to represent a Class (unless otherwise noted, "Class") defined as follows:

> All individuals whose biometric identifiers or biometric information were collected, captured, stored, transmitted, disseminated, or otherwise used by or on behalf of the Defendant within the state of Illinois any time within the applicable limitations period.

24. Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officer or director.

25. There are at least thousands of Class members, making the Class members so numerous that joinder of all members is impracticable. Although the exact number of members of

the Class is currently unknown to Plaintiff, the members can be easily identified through Defendant's records.

26. Plaintiff's claims are typical of the claims of the Class he seeks to represent, because the basis of Defendant's liability to Plaintiff and the Class is substantially the same, and because Defendant's conduct has resulted in similar injuries to Plaintiff and to the Class.

27. There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not limited to, the following:

    a. Whether the Biometric System collects, captures, or otherwise obtains biometric identifiers or biometric information;

    b. Whether any biometric information is generated or otherwise derived from the Biometric System;

    c. Whether Defendant disseminated Plaintiff or the Class members' biometric information;

    d. Whether Defendant made available to the public a written policy that establishes a retention schedule and guidelines for destroying biometric identifiers or biometric information within three years of the last interaction between the individual and Defendant;

    e. Whether Defendant obtained a written release from the Class before capturing, collecting, or otherwise obtaining their biometric identifiers or biometric information;

    f. Whether Defendant's conduct violates BIPA;

    g. Whether Defendant's BIPA violations are willful or reckless; and

    h.  Whether Plaintiff and the Class are entitled to damages and injunctive relief.

  28.  Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

  29.  Plaintiff will fairly and adequately represent and protect the interests of the Class members he seeks to represent. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the Class members and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the Class members.

  30.  Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the Class members, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

**COUNT I**
**Violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*.**
**(On behalf of Plaintiff and the Class)**

  31.  Plaintiff incorporates the foregoing allegations as if fully set forth herein.

  32.  Defendant ICRC is a private entity under BIPA.

  33.  Defendant ICRC collected, captured or otherwise obtained and used biometric identifiers and/or biometric information from Plaintiff and the Class and did so without first receiving their informed written consent.

34. Defendant ICRC collects, captures, stores, transfers, and/or uses Plaintiff's and the Class members' biometric identifiers and/or biometric information through its Biometric System.

35. Despite obtaining Plaintiff's and the Class members' biometric information, and in violation of 740 ILCS 14/15(a), Defendant ICRC negligently, recklessly, or intentionally failed to provide compliant publicly available written disclosures regarding its use of such biometric information.

36. Prior to collecting and storing Plaintiff's and the Class members' biometric information, and in violation of 740 ILCS 14/15(a), Defendant negligently, recklessly, or intentionally failed to make publicly available a compliant retention and destruction schedule for such biometric information that requires deletion of biometric identifiers and information within three years after an individual's last interaction with Defendant.

37. BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA.

38. Defendant's violations of BIPA, as set forth herein, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, ICRC negligently failed to comply with BIPA in the course of its conduct, or omissions, as set forth herein.

39. Accordingly, Plaintiff, on behalf of himself and the proposed Class, prays for the relief set forth below.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the proposed Class, respectfully requests that this Court enter an Order:

    a. Certifying the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

8

    b.  Declaring that Defendant's actions, as set forth herein, violate BIPA;

    c.  Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class members by requiring Defendant to comply with BIPA;

    d.  Awarding statutory damages of $5,000 for each willful and/or reckless violation of BIPA, pursuant to 740 ILCS 14/20(1);

    e.  Awarding statutory damages of $1,000 for each negligent violation of BIPA, pursuant to 740 ILCS 14/20(3);

    f.  Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3);

    g.  Awarding pre- and post-judgment interest, as allowable by law; and

    h.  Awarding such further and other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: March 3, 2020                        Respectfully Submitted,

                                            RICHARD ROGERS, individually and on behalf of a class of similarly situated individuals

                                            By: /s/ David L. Gerbie
                                            *One of Plaintiff's Attorneys*

David L. Gerbie
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
dgerbie@mcgpc.com

*Attorney for Plaintiff and the Putative Class*