UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD ROGERS, individually and on behalf of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>ILLINOIS CENTRAL RAILROAD COMPANY, an Illinois Corporation,<br><br>Defendant. | Case No. 19-CV-03647<br><br>Hon. Rebecca R. Pallmeyer |

**JOINT STATUS REPORT**

Plaintiff Richard Rogers and Defendant Illinois Central Railroad Company (collectively, the "Parties"), pursuant to this Court's March 30, 2021 Order (ECF No. 91), jointly submit this Status Report and state as follows:

**1. Status on Discovery**

Plaintiff served Defendant with his first set of Interrogatories and Document Requests on July 10, 2020. Defendant provided written responses to Plaintiff's discovery requests and produced non-confidential documents responsive to Plaintiff's document requests on September 22, 2020. Following the Court's entry of the discovery confidentiality order in this case, Defendant provided supplemental document productions containing confidential documents on November 17, 2020 and December 9, 2020. On March 19, 2021, Plaintiff propounded subpoenas containing document requests on two third parties—Remprex, an independent company responsible for installation and maintenance of the Automated Gate System used to verify truck drivers' identities at Illinois Central Railroad Company's facilities in Illinois; and (ii) Nascent Technology, a separate company

that manufactures the technology utilized by the Automate Gate System. On April 1, 2021, Plaintiff propounded his first requests for admission on Defendant. On May 7, 2021, Defendant served its responses to Plaintiff's first requests for admission. On May 11, 2021, Nascent Technology produced documents and written responses in response to Plaintiff's subpoena for documents, which Plaintiff subsequently produced to Defendant on May 27, 2021. On May 12, 2021, Plaintiff sent Defendant a letter outlining what he believed to be deficiencies in Defendant's discovery responses regarding the production of certain communications, and on May 24, Defendant responded with proposed search terms and potential custodians whose email correspondence may be searched for the communications Plaintiff has requested. The Parties are in the process of coming to an agreement regarding such details and seek to do so without requiring Court intervention. But should the Parties fail to reach agreement on these and other potential discovery disputes, Court intervention may be required. On May 21, 2021, Plaintiff noticed five party depositions and two non-party depositions, as well as a 30(b)(6) deposition of Defendant. The party depositions are noticed for the second and third weeks of June, with the third-party depositions to follow in advance of the August 17, 2021 discovery cutoff (ECF No. 85). Defendant has informed Plaintiff that it does not believe the witnesses are available on each of the noticed dates. Defendant is working to confirm witness availability and, where the witness is not available on a noticed date, to provide dates when the witness is available.

    Defendant served its initial discovery requests, including its first set of interrogatories, document requests and requests for admission, on Plaintiff on August 31, 2020. Plaintiff served Defendant with his written responses and objections on October 16, 2020. Following Defendant's service of a letter outlining what it believed to be deficiencies in Plaintiff's discovery responses on

October 22, 2020, Plaintiff amended his written responses to Defendant's discovery requests on December 11, 2020. Defendant took Plaintiff's deposition on February 8, 2020 via remote means. Defendant additionally anticipates obtaining third-party discovery from both Remprex and Nascent Technology.

The Parties also anticipate that expert discovery may be necessary to understand the technology utilized at Defendant's Illinois facilities. Presently, discovery in this case is set to close on August 17, 2021. (ECF No. 85.) The Parties do not seek an extension of such deadline at this time but may seek an extension to accommodate depositions or should there be significant delay in the production of relevant documents.

**2.     Status of Briefing on Unresolved Motions**

There are currently no unresolved motions pending.

**3.     Status on Settlement**

The Parties have previously discussed potential resolution of this matter and are continuing to consider whether to schedule a private meditation in order to explore a mutually acceptable resolution of this case.

**4.     Other Matters for the Court's Attention**

The Parties do not have any other matters that require the Court's attention at this time.

Dated: May 28, 2021               Respectfully submitted,

                                  By:    /s/ *David L. Gerbie*
                                         David L. Gerbie
                                         Evan M. Myers
                                         Myles McGuire
                                         Brendan Duffner
                                         McGuire Law, P.C.

55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Telephone: (312) 893-7002
dgerbie@mcgpc.com
emeyers@mcgpc.com
mmcguire@mcgpc.com
bduffner@mcgpc.com

*Attorneys for Richard Rogers*


*/s/ Charles Andrewscavage*

Andrew J. Butcher
Charles Andrewscavage
Jared S. Kramer
Scopelitis, Garvin, Light, Hanson & Feary, P.C.
30 West Monroe Street, Suite 1600
Chicago, IL 60603
Telephone: (312) 255-7200
abutcher@scopelitis.com
candrewscavage@scopelitis.com
jskramer@scopelitis.com

*Attorneys for Illinois Central Railroad Company*

4830-5034-8268, v. 5